per curiam:
These cases are restored to the calendar for oral reargument before a full court of seven judges, sitting en banc. The court, however, does not wish to hear further argument from either side on the following specific issues:
1. For a claimant under 28 U.S.C. § 1491 or § 1505, must the legislation or regulation which is the source of the substantive right, if it mandates compensation, also itself specify that the claimant can bring a lawsuit to recover such compensation?
2. Whether the plaintiffs can sue to recover, and can recover if they prove their claim, for the following claims:
(a) those actual proceeds from the sale of timber that defendant has failed to pay over;
(b) excessive or unlawful charges for administration;
(c) other illegal withdrawal from funds received from loggers for Indian allottees;
(d) Fifth Amendment takings;
(e) misapplication of trust funds required by law to be paid to them or applied to their benefit;
(f) interest which was not earned and/or paid to them (on their funds) under the principles of Cheyenne-Arapaho Tribes of Indians v. United States, 206 Ct. Cl. 340, 512 F.2d 1390 (1975), and under 25 U.S.C. § 162a;
(g) violations plaintiffs allege of 25 U.S.C. §§ 349, 372, and the pertinent regulations (relating to the issuance of fee patents).
3. Whether plaintiffs are barred by failure to exhaust administrative remedies.
The other issues in these cases are fully open for reargument by either side.
IT IS SO ORDERED.